FILED
SEPTEMBER 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY f/k/a NORTHBROOK INSURANCE COMPANY,<br><br>Petitioner,<br><br>v.<br><br>SENTRY INSURANCE A MUTUAL COMPANY<br><br>Respondent. | RECEIVED COPY SEPTEMBER 3 ,2008<br>08CV5033<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE BROWN<br>NF<br><br><br>Case No. |

### ALLSTATE INSURANCE COMPANY'S
### PETITION IN AID OF ARBITRATION

The Petitioner, ALLSTATE INSURANCE COMPANY as successor in interest to NORTHBROOK EXCESS and SURPLUS INSURANCE COMPANY f/k/a NORTHBROOK INSURANCE COMPANY ("Allstate"), hereby petitions this Court to exercise its authority to select an umpire or, in the alternative, for an Order compelling the Respondent, SENTRY INSURANCE A MUTUAL COMPANY ("Sentry") to engage in arbitration by proceeding to the selection of an umpire per terms of the arbitration clause set forth in the reinsurance contract at issue in this dispute. In support thereof, Allstate states as follows:

### NATURE OF DISPUTE

1. This dispute involves a Casualty Second Quota Share Reinsurance Agreement entered into between Allstate and Sentry ("Cession 125"). A copy of Cession 125 is attached to the Declaration of Neal R. Novak, ¶3, Exhibit A ("Novak Decl.")

2. On March 27, 2008, Allstate demanded arbitration against Sentry in connection with a number of reinsurance agreements including Cession 125. Novak Decl., ¶4, Exhibit B. On April

25, 2008, Sentry appointed Paul Aiudi to serve as its arbitrator. *Id.*, ¶5. On May 5, 2008, Allstate named its arbitrator, Richard L. Voelbel. *Id.*

3. Following Sentry's refusal to consolidate the proceedings, Allstate notified Sentry on June 16, 2008 that it would proceed to arbitration on Cession 125. Novak Decl., ¶6.

4. Cession 125 contains, in relevant part, the following provision in its arbitration clause:

> As a precedent to any right of action hereunder, if any dispute shall arise between the Company and the Reinsurers with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by each party, and the third by the two so chosen.
>
> * * *
>
> Each party shall submit its case to its arbitrator within 30 days of the appointment of the third arbitrator.

Novak Decl., Exhibit A, p. 7, Article 18.

5. The Federal Arbitration Act at 9 U.S.C. §5 reads in relevant part:

> If in the Agreement, provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court may designate an appointed arbitrator or arbitrators or umpire as the case may require who shall act under the said Agreement with the same force and effect as if he or they had been specifically named therein.

6. Although the parties attempted to agree on an umpire selection process separate from the one contained in the arbitration clause, they have been unsuccessful in their efforts and there is a lapse in the process. Sentry refuses to direct its party-appointed arbitrator, Mr. Aiudi, to engage in discussions with Allstate's party-appointed arbitrator, Mr. Voelbel, to select the third arbitrator as provided for in the arbitration clause.

7.      In light of the foregoing, the parties are at an impasse, and Allstate petitions the Court to exercise its powers under 9 U.S.C. §5 to designate and appoint an umpire for the Panel set to hear the dispute concerning Cession 125. In the alternative, Allstate petitions the Court pursuant to 9 U.S.C. §4 for an Order compelling Sentry to: (1) engage in the arbitral process for selection of an umpire pursuant to the terms of the arbitration clause, and (2) submit its case to its arbitrator within 30 days of the appointment of the third arbitrator.

## JURISDICTION AND VENUE

8       Allstate is an insurance company, incorporated under the laws of Illinois with its principal place of business in Northbrook, Illinois.

9       Sentry is an insurance company organized under the laws of the State of Wisconsin with its principal place of business in Stevens Point, Wisconsin.

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

11.     Venue is appropriate in this District inasmuch as the arbitration clause designates that the arbitration "shall take place in the city in which the Company's head office is located . ." As noted above, Allstate's principal place of business is in Northbrook, Illinois.

## FACTUAL BACKGROUND

12.     Reinsurance is a type of insurance whereby an insurance company that has insured a risk obtains insurance for itself on that risk provided by another insurance company known as the reinsurer. An insurer who has obtained reinsurance is often referred to as a "cedant" since it "cedes" a portion of risk – and premium – to the reinsurer. In this case, Allstate is the "cedant" and Sentry is the "reinsurer."

13.     The parties entered into Cession 125 effective August 1, 1977. Article 7 provides in relevant part:

> The Company alone and as [*sic*] its full discretion shall adjust, settle or compromise all claims and losses. All such adjustments, settlements and compromises, including ex gratia payments, shall be binding on the Reinsurers in proportion to their participation. The Company shall likewise at its sole discretion commence, continue, defend, compromise, settle or withdraw from actions, suits or proceedings and generally do all such matters and things relating to any claim or loss as in its judgment may be beneficial or expedient, and all loss payments made and costs and expenses incurred shall be shared by the Reinsurers proportionately.

Novak Decl., Exhibit A, p. 5

14. Article 8, "Loss Expenses," reads in relevant part:

> The Reinsurers shall be liable for their proportionate share of all expenses incurred by the Company in connection with the investigation and settlement or contesting the validity of specific claims or losses or alleged losses (except as hereinafter provided).

*Id.*

15. Article 12, "Reports and Remittances," reads in relevant part:

> The Company shall furnish to the Reinsurers accounts current as soon as possible on a monthly basis. The balance shown to be due by said account shall be payable by the debtor party within 90 days after the close of the month accounted for.

*Id.*, p. 6

16. Beginning on May 24, 2007, Allstate submitted its first billing to Sentry in connection with the foregoing provisions of Cession 125. Novak Decl., ¶7, Exhibit C. Allstate submitted additional billings in the total amount of $132,277.21. *Id.* Allstate claims that "loss" and "loss expense" in that amount is due from Sentry under Cession 125, yet Sentry has refused to pay the claimed balances.

17. Allstate is entitled to have this dispute resolved promptly but Sentry refuses to engage in the arbitral process pursuant to the terms of the arbitration clause. The process has lapsed because of Sentry's refusal to adhere to the terms of Cession 125's arbitration clause.

18. Industry custom and practice often results in mutual agreement to modify the express terms of an arbitration clause for the umpire selection process. However, neither party is entitled to

4

more than what it bargained for in its original agreement if the parties cannot agree to a modification of the arbitration clause language.

19. On August 1, 2008, Allstate asked Sentry to direct its party arbitrator to immediately commence discussions with Allstate's party arbitrator aimed at selecting the third arbitrator pursuant to the selection process set forth in the arbitration clause. Novak Decl., ¶8, Exhibit D.

20. On August 4, Sentry responded. Novak Decl., ¶9. On August 18, 2008, Allstate reiterated its request that Sentry's party-appointed arbitrator commence the selection process with Allstate's party-appointed arbitrator. *Id.* To date, Sentry has refused to engage in the process as set forth in the arbitration clause and the parties have not otherwise been able to agree to the terms of a modification to the selection process.

21. In this case, the parties have been unable to agree to a modification and have reached an impasse with regard to the selection of an umpire. Cession 125 provides a suitable method for breaking the impasse by placing the selection of the "third arbitrator" in the hands of the party appointed arbitrators, but Sentry refuses to engage in the process as set forth in the arbitration clause. Thus, Allstate seeks this Court's aid in advancing the arbitration.

WHEREFORE, Allstate petitions this Court to exercise its powers under 9 U.S.C. §5 to designate and appoint an umpire for the panel set to hear the dispute concerning Cession 125. In the alternative, Allstate petitions this Court pursuant to 9 U.S.C. §4 to order Sentry:

(1) to direct its arbitrator to proceed with the selection of an umpire in accordance with the terms of the arbitration clause;

(2) to proceed to arbitration within 30 days after the appointment of the third arbitrator per the terms of the arbitration clause;

(3)     to award any other relief as this Court deems to be just and appropriate, including an award of attorneys' fees and costs

Dated: September 3, 2008

          ALLSTATE INSURANCE COMPANY, as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY formerly known as NORTHBROOK INSURANCE COMPANY

By:
          /s/ Neal R. Novak
          One of its Attorneys

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Reid J. Rozen, Esq. (#6199084)
33 North LaSalle, Suite 1900
Chicago, IL 60602
(312) 425-2500
(312) 425-2525

6